GEORGE KIMMIE V. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Appellant.—88 S. W. (2d) 884.

Division One, December 18, 1935.

*T. M. Pierce, J. L. Howell* and *Walter N. Davis* for appellant.

*Chas. P. Noell* and *Wm. H. Allen* for respondent.

1246

GANTT, P. J.—Action for personal injuries. Plaintiff sued under the Federal Employers' Liability Act for a violation of the Federal Safety Appliance Act. [45 U. S. C. A., sec. 23.]

In substance the petition alleged that plaintiff was an employee of defendant as engineer in defendant's yard in East St. Louis, Illinois; that at the time of the injury defendant was engaged and plaintiff employed in interstate commerce; and that the injury was caused by defendant negligently using an engine with a defective step which unnecessarily imperiled the life and limb of plaintiff.

The petition sought recovery under the Federal Employers' Liability Act. However, if the averments with reference to interstate commerce and negligence had been eliminated, recovery would have been authorized under the State law for a violation of the Safety Appliance Act.

The answer admitted that defendant was engaged generally in interstate commerce and denied the other allegations of the petition. In other words, defendant denied liability under both the Federal Employers' Liability Act and under the State law for a violation of the Safety Appliance Act.

The jury returned a verdict for $60,000. On plaintiff remitting

$25,000 the motion for a new trial was overruled and judgment was entered for $35,000. This is the second appeal. [334 Mo. 596, 66 S. W. (2d) 561.]

Defendant contends that there was no substantial evidence tending to show that plaintiff, at the time of the injury, was engaged in interstate commerce. It also contends that the instruction given at the request of plaintiff authorizing a recovery under the Federal Employers' Liability Act was erroneous in that it did not require a finding that plaintiff at said time was so engaged.

Plaintiff pleaded, tried and submitted the case on the theory that it arose under the Federal Employers' Liability Act. At the trial and here he contends that at the time of the injury he was employed in interstate commerce. He introduced substantial evidence tending to show that he was so employed. If the jury believed said evidence, a verdict, under said act, was authorized in favor of the plaintiff. If both plaintiff and defendant were so engaged, plaintiff could recover only under the Federal Employers' Liability Act because under such circumstances said act would be exclusive. It follows that it was the duty of plaintiff to request and the court to give an instruction authorizing a recovery under said act, if there was evidence tending to show that both defendant and plaintiff at the time were so engaged, and plaintiff's injury was caused by defendant's failure to comply with the Safety Appliance Act.

It is admitted that said instruction did not require a finding that plaintiff, at said time, was employed in interstate commerce. Since, under the case made by plaintiff's evidence, he was only entitled to recover under the Federal Employers' Liability Act, and since a finding in his favor thereunder was only authorized if the jury found that plaintiff at the time was engaged in interstate commerce, the instruction was erroneous and prejudicial because it authorized recovery if the jury found that only the defendant was engaged in interstate commerce. For this reason the judgment should be reversed and the cause remanded. It is so ordered. All concur.